Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| Allen Egon Cholakian <br><br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> Federal Bureau of Investigation <br><br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☐ Yes ☒ No |

## COMPLAINT FOR A CIVIL CASE

*[Filed stamp: 2018 MAR 30 PM 1:35, U.S. DISTRICT COURT, DISTRICT OF MASS., FILED IN CLERK'S OFFICE]*

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Allen Egon CHOLAKIAN
Street Address: P.O. Box 380477
City and County: HARVARD SQUARE STATION
State and Zip Code: CAMB., MA 02238
Telephone Number: 617/ 821.6468
E-mail Address: Egoncholakian@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

# UNITED STATES DISTRICT COURT
## of the
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Allen Egon Cholakian, | ) | |
| | ) | |
| *Plaintiff* | ) | **Civil Action** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Bureau of Investigation; Attorney General | ) | Case No. _____ |
| Commonwealth of Massachusetts; City of | ) | |
| Cambridge Police Department; Bristol-Myers | ) | |
| Squibb, Inc.; Placeme, Inc.; Clara Arroyave; | ) | |
| Francisco Marriott; Baby Poppi [a/k/a Hope | ) | |
| Summers]; Hope Summers [a/k/a Baby | ) | |
| Poppi]; Hope Summers Enterprizes [A Poppi- | ) | |
| Nathaniel Venture]; John / Jane Does A-Z | ) | |
| | ) | |
| *Defendants* | ) | |

## COMPLAINT

### PARTIES

(See Attached: Schedule of Plaintiff | Defendant Contact Particulars)

**Plaintiff**

1. *Plaintiff*, Allen Egon Cholakian, is a resident of the City of Cambridge, in the County of Middlesex, Commonwealth of Massachusetts, and a citizen of the United States.

Defendant(s)

2. *Defendant*, Federal Bureau of Investigation is an Agency of the Department of Justice of the United States Government headquartered in the City of Washington, District of Columbia.

3. *Defendant*, Attorney General of the Commonwealth of Massachusetts is a Department of the Commonwealth of Massachusetts headquartered in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

4. *Defendant*, City of Cambridge Police Department is an Agency of the City of Cambridge, located in the County of Middlesex, Commonwealth of Massachusetts.

5. *Defendant*, Bristol-Myers Squibb, Inc. is a commercial entity incorporated in the State of Delaware, with its principal place of business in the City of New York, Borough of Manhattan, State of New York.

6. *Defendant*, Placeme Inc. is a commercial entity incorporated in the State of Massachusetts, with its principal place of business in the City of Cambridge, County of Middlesex, Commonwealth of Massachusetts.

7. *Defendant*, Clara Arroyave, is a resident of the Township of North Chelmsford, County of Middlesex, Commonwealth of Massachusetts, with status of citizenship unknown.

8. *Defendant*, Francisco Marriott, is a resident of the Township of North Chelmsford, County of Middlesex, Commonwealth of Massachusetts, with status of citizenship unknown.

9. *Defendant*, Baby Poppi (a/k/a Hope Summers), is a resident of the City of Cambridge, in the County of Middlesex, Commonwealth of Massachusetts, and a citizen of the United States.

10. *Defendant*, Hope Summers (a/k/a Baby Poppi), is a resident of the City of Cambridge, in the County of Middlesex, Commonwealth of Massachusetts, and a citizenship of the United States.

11. *Defendant*, Hope Summers Enterprizes (A PoppiNathaniel Venture), is a commercial entity operated by Baby Poppi / Hope Summers (who are one in the same individual), with domicile and legal stature unknown.

12. *Defendant(s)*, John / Jane Does A-Z will be determined in the course of discovery (Domiciles and Nationalities as yet unknown).

## INTRODUCTION

13. This civil action, which stems from an on-line Craigslist Real Estate Posting, is brought against defendants, Bristol-Myers Squibb, Inc., Placeme, Inc., Clara Arroyare, Francisco Marriott, Baby Poppi (a/k/a Hope Summers), Hope Summers (a/k/a Baby Poppi), Hope Summers Enterprizes (A Poppi-Nathaniel Venture), and John / Jane Does A-Z for willfully commissioning an interstate / intrastate extortion scheme against plaintiff, a 69-year old senior citizen, for $35,000 in violation of 18. U.S. Code Sec. 875. Said extortion scheme routinely visits upon plaintiff varied threats of bodily injury, professional and economic ruin, and the fabrication of state and federal criminal offences, with such integral commissioning routinely undertaken via wireless transmissions, and; with intimate participation realized from State of New Jersey law enforcement personnel and a member of the federal judiciary. Plaintiff herein seeks defendants, Federal Bureau of Investigation, Attorney General of the Commonwealth of Massachusetts, and the City of Cambridge Police Department, to show cause why they have failed to act on this well documented / reported felony-in-progress. Plaintiff further seeks remedies authorized by the federal statutes at 18 U.S.C. 1961 *et seq*; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this Federal District Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT.

## JURISDICTION

14. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## FACTS

15. Overview:   Plaintiff (a semi-retired academic researcher [age 69]) leases a three bedroom apartment in a triple-decker building located at 33 Jefferson Street, 2nd Floor, Cambridge MA 02141 ("Cambridge Apartment"), which he has typically shared with like-educated academics from the Harvard University, MIT and Longwood medical research communities. In addition to the Cambridge Apartment, plaintiff also maintains two parking spaces in the rear portion of the same leased property: one parking space is automatically assigned to plaintiff in direct connection with the leasing of his apartment (and regulated by his lease agreement), and the other parking space is directly rented from the property landlord, by plaintiff, on a month-to-month relationship (succinct from the lease agreement). All said lease and rental relationships, so mentioned, have been, and continue to be, in all respects "financially current".

16. In early February of 2018 an ad was posted on-line in the Craigslist "Real Estate Offered" section under the heading of, "$975 / 156ft2 – HARVARD / MIT: BEDROOM AVAILABLE IN FURNISHED THREE-BEDROOM SHARE (Cambridge)". And, within the latter-most portion of the ad, the following language was employed: "Set-up is ideal for somebody involved with the Harvard / MIT / Longwood Medical communities, or a visiting professional". Said ad likewise indicated that there was "No Parking" available. Please refer to accompanying Exhibit "A" (Copy of Original Craigslist Ad)

17. On 14th February 2018 an email reply to the Craigslist posting was received from defendant, Baby Poppi, wherein she provided a self-reflective assessment of herself, followed by a statement establishing that she was / is a "professional who attends Harvard Extension School" (Please refer to accompanying Exhibit "B"). Throughout the ensuring seven email communications, and multiple text messages, "Baby Poppi" was the sole identity plaintiff was provided with, and to which he responded.

18. During the early evening of 15th February 2018, defendant, Baby Poppi, visited the Cambridge Apartment for viewing and prospective tenant interview. Upon such occasion plaintiff, Allen Egon Cholakian, was duly informed by defendant, Baby Poppi, that she had been temporarily relocated to Cambridge MA (from New Jersey) by Bristol-Myers Squibb, Inc. ("BMS"), and; that while based in Cambridge MA she would be intimately involved (in a senior professional "oversight" capacity) with one or more BMS funded clinical trials. Plaintiff was additionally apprised by defendant, Baby Poppi, of the specialized Bio-science oriented studies she was simultaneously pursuing at the Harvard University Extension Division during the evening hours (in addition to being likewise apprised of her earlier undergraduate / graduate NYU education).

19. Based on the academic credentials and professional standing represented by Baby Poppi, plaintiff allowed Baby Poppi to rent a month-to-month bedroom in his three-bedroom share apartment at the rate of $975.00 per month. And, to this end, a counter check was given to plaintiff in the amount of $600.00 (representing a security deposit, to be applied to the last month's rent [per the accompanying Exhibit "A" Craigslist Ad]). In turn, it was understood that Baby Poppi would be moving into the apartment a day or so before the end of February (agreed to by plaintiff), and that plaintiff would secure on-site parking for Baby Poppi (at an additional cost beyond the $975.00 monthly rent). Upon taking possession of the $600.00 counter check, plaintiff took note, in the first instance, of the name discrepancy (the signature was "Hope Summers"), and questioned the matter. Plaintiff was advised that "Hope" was her real given name, and that "Summers" was her (former) married name.

20. In anticipation of the late February 2018 move-in date of defendant, Baby Poppi / Hope Summers, plaintiff secured a second parking space directly from the building owner, independent and succinct from his lease agreement – as previously indicated in para 15. Accordingly, of the four parking spaces available in the rear of the triple-decker building

(1 space per apartment = 3 + 1 space for owner [now rented by plaintiff] = 4), plaintiff had (and continues to have) exclusive use of two spaces. Further, per an email communication received from the property owner, dated 25th March 2017, plaintiff has discretionary choice of which parking locations he may select amongst the four spaces - "Since you (plaintiff) are the first tenant(s) in the building so far, you have priority to choose your parking space". Please refer to accompanying Exhibit "C".

21. At the end of February 2018, defendant Baby Poppi / Hope Summers took possession of her bedroom, and was duly apprised that plaintiff had secured on premise parking exclusively for her individual (in accordance with her request). In turn, a counter check was remitted to plaintiff in the un-disputed amount of $1,075.00 (representing $975.00 for March rent + $100.00 for March parking). In this regard, defendant, Baby Poppi / Hope Summers has had unencumbered 24/7 use of the assigned parking space, and has made routine use of same for the entire month of March 2018. The remaining two parking spaces are assigned to defendant, Placeme Inc., insomuch as apartment(s) 1 and 3 of the same triple decker building are leased by this same entity, of which plaintiff has no involvement.

22. On or about the 3rd of March 2018, defendant Baby Poppie / Hope Summers verbally attacked plaintiff advising that he had defrauded her being, with regard to the rented parking space, and that plaintiff had no right or authority to take rent for same. Upon challenging the legitimacy and source of her claim, defendant went to significant lengths to inform plaintiff that defendants, Clara Arroyave, CEO of defendant, Placeme, Inc., and Francisco Marriott, CFO of defendant, Placeme, Inc., had counselled defendant, Baby Poppie / Hope Summers, that plaintiff's right to claim rent for the assigned parking space were in all respects "bogus". From this falsely incited and disguised incident, the conspiracy to extort from plaintiff, Allen Egon Cholakian, was commenced.

23. In an email communication sent to defendant, Baby Poppi / Hope Summers, from plaintiff, dated 7th March 2018, it is apparent that the discrepancy in legitimate name of defendant, ("Baby Poppi" v. "Hope Summers") was an issue of concern for plaintiff. Likewise, the frequent mention of outside individuals was routinely surfacing at this early point in plaintiff / defendant dialogue, as well, and was also an issue of significant concern for plaintiff. Please refer to accompanying Exhibit "D" (Copy of email dated 7th March 2018).

24. In an email dated 8th March 2018, defendant, Baby Poppi / Hope Summers was duly advised that she was being given "a 30 day notice to vacate (plaintiff's) apartment", and that the parking space made available to her for the month of March 2018 would no longer be available for her use from 1st April 2018, on-wards. (Please refer to accompanying Exhibit "E"). It should be noted in this same said Exhibit "E", that the issue of "Them" is recurring, and questioned frequently by plaintiff. Plaintiff was

routinely advised by defendant, Baby Poppi / Hope Summers that (plaintiff) would not want to mess with "Them" (always meant to instill fear in plaintiff).

25. In an email communication received from defendant, Baby Poppi / Hope Summers, dated 9th March 2018, plaintiff, Allen Egon Cholakian was advised in the first instance that, defendant, Baby Poppi / Hope Summers, "had spoken to (her) father who is a Federal Court Judge together with (her) two uncles who are detectives who have confirmed (plaintiff's) misconduct". Further adding: "Have my $600.00 deposit and my $100.00 parking in cash for me the day I move out". Please refer to accompanying Exhibit "F". Whence realizing that her 30 day notice allowed her to stay until 10th April 2018, a subsequent email was sent by defendant, Baby Poppi / Hope Summers, to plaintiff on the same date (9th March 2018), advising that, "My family will be here to make sure there is a smooth transition" (Please likewise refer to accompanying Exhibit "G").

26. On no less than four remembered occasions plaintiff has been duly advised by defendant, Baby Poppi / Hope Summers, that he (plaintiff) be prepared to "come up with some real money" before defendant, Baby Poppi / Hope Summers' family arrives from New Jersey. When asked what was meant by "real money", plaintiff was advised that "$35,000 would keep plaintiff out of trouble". It was likewise made imminently clear that plaintiff's standing would be disgraced by the likes of Bristol-Myers Squibb, Inc., and the federal judiciary if I endeavored to introduce this matter into the court system. On one such occasion, plaintiff was advised the he is now an official investor in Hope Summers Enterprizes (A Poppi-Nathaniel Venture).

27. On 21st March 2018, plaintiff commenced communicating with the Office of Judicial Oversight, Administrator of the United States Courts via certified U.S. mail, with copies of the same communication provided to the Federal Bureau of Investigation, Attorney General, Commonwealth of MA, and Cambridge City Police (Please refer to accompanying Exhibit "H" [Copy of certified letter addressed to Administrator of the U.S. Courts]). Earlier-on dialogue was likewise shared with the Cambridge Police Department, and the Boston press. In favor of establishing the legitimacy of Baby Poppi / Hope Summers, and confirming her professional affiliation with Bristol-Myers Squibb, Inc., plaintiff has initiated email contact with the CEO and Corporate Counsel thereof. Further;

28. As indicted in the earlier mentioned Exhibit "F" email copy, defendant, Baby Poppi / Hope Summers makes two references to plaintiff's (alleged) sexual misconduct: "Keep your porn and sexual interest to yourself" and "Do not touch me or say anything else sexual either". These same two email excerpts were intended to let plaintiff know that fabricated sexual abuse / assault charges were in the arsenal against plaintiff, if he did not comply with the demand to "Have my $600.00 deposit and my $100.00 parking in cash for me the day I move out".

29. On 20th March 2018 plaintiff sent off an email communication to defendant, Baby Poppi / Hope Summers, wherein he advised, "Just a Heads Up: For security purposes I changed two apartment locks today. I will be back at the apartment by 5:00 p.m. today, at which point I will give you new keys (if you are back in Boston). Or, simply let me know at some future date when you will be back in Boston so that I can orchestrate arrangements for you to get keys – Egon" (Please refer to accompanying Exhibit "I"). From this same Exhibit "I" email culminated Exhibit "J" (Copy of Cambridge Police Department Incident Report #18020842). From the same, please note that plaintiff is alleged to have gone into the bedroom of defendant, Baby Poppi / Hope Summers (while she was out of town) and steal $100.00 cash, in addition to changing the locks on her bedroom door. Insomuch as defendant Baby Poppi / Hope Summers had not yet returned to the apartment from her out of town holiday when the allegation of theft was made to the Cambridge Police, how could it have been known if any money was missing? The pattern of fabrications is exhaustive.

30. On 27th March 2018, at approximately 7:30 A.M., plaintiff, Allen Egon Cholakian, was approached by a stranger (of African-American decent) within one short block from his Cambridge MA apartment and was advised by his name, "Egon", "Not to F--- around with Hope". It was on this date that escalated.

31. Plaintiff is advised by New York University that there has been no Baby Poppi or Hope Summers matching the description of defendant attending there. And, per the accompanying Exhibit "K", Harvard University likewise confirms that with regard to defendant, Baby Poppi / Hope Summers, "We do not show any records of the student attending Harvard Extension School or Harvard Summer School", either.

32. Plaintiff alleges in all respects that defendant Baby Poppi / Hope Summers is a fraud, and that defendant Baby Poppi / Summers is intimately engaged in the commission of extortion within the purview and jurisdiction of 18. U.S. Code Sec. 875.

I.   **Relief**

33. Plaintiff herein requests that the Court order the Federal Bureau of Investigation, the Attorney General, Commonwealth of Massachusetts, and the Cambridge Police Department to each show cause on why they have not acted on this Felony-in-Progress?

34. Plaintiff herein further requests (Per para 13), and in respect to defendant(s), Bristol-Myers Squibb, Inc., Placeme Inc., Clara Arroyave, Francisco Marriott, Baby Poppi, Hope Summers and Hope Summers Enterprizes (A Poppi-Nathaniel Venture), that the Court apply remedies authorized by the federal statutes at 18 U.S.C. 1961 *et seq*; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and

for all other relief which this Federal District Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT.

## II.    Certification

35. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

36. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address or file with the Clerk's Office may result in the dismissal of my case.

March 30, 2018



Allen Egon Cholakian

-End-