# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
ALLEN EGON CHOLAKIAN,                )
                                     )        No. 18-cv-10619-RGS
                    Plaintiff,       )
                                     )
              v.                     )
                                     )
FEDERAL BUREAU OF                    )
INVESTIGATION, ET. AL.               )
                                     )
                    Defendant.       )
_____)

## DEFENDANTS PLACEME, INC., CLARA ARROYAVE, AND FRANCISCO MARRIOTT'S MOTION TO DISMISS THE COMPLAINT

Defendants PlaceMe Inc., Clara Arroyave, and Francisco Marriott (the "PlaceMe Defendants") hereby move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Allen Egon Cholakian's ("Plaintiff's") complaint in its entirety, with prejudice, for failure to state a claim upon which relief can be granted. Though wide-ranging and at times confusing, Plaintiffs' complaint appears to allege two claims – one under 18 U.S.C. § 875 for "extortion" and another under 18 U.S.C. § 1961, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Neither claim has any merit whatsoever.

Plaintiff's complaint generally describes a dispute between himself (a landlord) and Defendant "Baby Poppi," his tenant. *See generally* Compl. ¶ 15-21. The dispute between the two appears to concern Plaintiff's attempt to charge Baby Poppi $100 for the use of a parking space located on the premises. *Id.* The sole paragraph relating to the PlaceMe Defendants is the allegation that Baby Poppi "went to significant lengths to inform plaintiff that defendants, Clara Arroyave, CEO of defendant, PlaceMe Inc., and Francisco Marriott, CFO of defendant, PlaceMe

Inc., had counselled defendant, Baby Poppie [*sic*]/ Hope Summers, that that plaintiff's right to claim rent for the assigned parking space were in all respect 'bogus.' From this falsely incited and disguised incident, the conspiracy to extort from plaintiff, Allen Egon Cholakian, was commenced." *Id.* at ¶ 22.

**Argument**

Under the familiar *Iqbal* and *Twombly* standard, a plaintiff's complaint must "provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the First Circuit, the court employs a two-pronged approach, first "identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact" and second treating non-conclusory factual allegations as true. *Ocasio-Hernandez*, 650 F.3d at 12 (quoting *Ashcraft v. Iqbal*, 556 U.S. 662, 681 (2009)).

Even assuming all the facts alleged in the complaint to be true, Plaintiff has not stated a cause of action against the PlaceMe Defendants. Again, the sole allegation against the PlaceMe Defendants is that they allegedly characterized the plaintiff's right to rent for the parking space as "bogus." Even if that were the case, Plaintiff fails to explain how this amounts to a "conspiracy to extort" from the plaintiff. This is exactly the type of "legal conclusion couched as fact" that this court should disregard.

Plaintiff cannot state a claim for extortion under 18 U.S.C. § 875, which criminalizes those who "with intent to extort… transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of

another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime." 18 U.S.C. § 875.  Plaintiff has not identified any threat from the PlaceMe Defendants to injure his property, reputation, or accuse him of a crime, nor has he identified any communication between the PlaceMe Defendants instructing any other co-defendant to do so. Further, 18 U.S.C. § 875 is a criminal statute with no civil cause of action.

Even if Plaintiff had stated a claim for extortion—and to be very clear, he hasn't— his RICO claim would still fail. It is settled law that a civil RICO claim requires a "pattern" of racketeering activity, "which requires at least two [related] acts of racketeering." *McGee v. Town of Rockland*, 2012 U.S. Dist. LEXIS 180197, *21, (D. Mass. 2012) (J. Stearns). Nothing in the one paragraph mentioning the PlaceMe Defendants even comes close to one predicate act, let alone two.  *See McGee*, 2012 U.S. Dist LEXIS 180197 at *22 (dismissing RICO claim where plaintiff "does not identify or describe a crime allegedly committed by defendants that would remotely qualify under the statute as a predicate act").

For these reasons, the court should GRANT the motion to dismiss and dismiss the frivolous claims against the PlaceMe Defendants with prejudice.

Respectfully Submitted,

PlaceMe Inc.
Clara Arroyave
Francisco Marriott

By Their Attorneys,
FOLEY HOAG LLP


/s/ Neil Austin
Neil Austin BBO# 657204
Justin C. Marble BBO# 694211
FOLEY HOAG LLP

                                          Seaport West
                                          155 Seaport Boulevard
                                          Boston, MA 02210-2600
                                          617-832-1000
                                          naustin@foleyhoag.com
                                          jmarble@foleyhoag.com
Dated: April 23, 2018


<u>Certificate of Service</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants.

<u>/s/ Neil Austin</u>