UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLEN EGON CHOLAKIAN,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION;<br>ATTORNEY GENERAL OF THE<br>COMMONWEALTH OF MASSACHUSETTS;<br>CITY OF CAMBRIDGE POLICE<br>DPEARTMENT; BRISTOL-MYERS SQUIBB,<br>INC.; PLACEME, INC.; CLARA ARROYAVE;<br>FRANCISCO MARRIOTT; BABY POPPI [a/k/a<br>HOPE SUMMERS]; HOPE SUMMERS [a/k/a<br>BABY POPPI]; HOPE SUMMERS<br>ENTERPRIZES [a POPPI-NATHANIEL<br>VENTURE]; JOHN / JANE DOES A-Z,<br><br>      Defendants. | Civil Action No. 1:18-cv-10619-RGS |

## MEMORANDUM IN SUPPORT OF DEFENDANT ATTORNEY GENERAL'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Attorney General of the Commonwealth of Massachusetts (the "Attorney General") respectfully submits this memorandum in support of her motion to dismiss. Plaintiff Allen Egon Cholakian's complaint primarily describes a landlord-tenant dispute between Mr. Cholakian, the landlord, and defendant "Baby Poppi," his tenant. *See, e.g.*, Compl. ¶¶ 15-26. Mr. Cholakian alleges that Baby Poppi engaged in a scheme to extort him pursuant to 18 U.S.C. § 875. Compl. ¶¶ 1, 32. As to the Attorney General, Mr. Cholakian seeks only an order compelling her to "show cause on why [the Attorney General] ha[s] not acted on this Felony-in-Progress." Compl. ¶ 33.

Mr. Cholakian's claim against the Attorney General must be dismissed. First, this Court

1

lacks jurisdiction to order the Attorney General to "show cause" on why her office has not acted, because the request for relief is barred by the sovereign immunity protections of the Eleventh Amendment to the United States Constitution.  Second, the complaint is wholly devoid of any allegations that the Attorney General engaged in misconduct.  Mr. Cholakian thus does not allege that the Attorney General engaged in any wrongdoing or breached any legal duty owed to him. *See generally* Compl.  Accordingly, the complaint fails to state a claim against the Attorney General upon which relief can be granted.

## ARGUMENT

**I.      Eleventh Amendment Immunity Bars this Court's Consideration of the Claim Brought Against the Attorney General.**

The Eleventh Amendment to the United States Constitution bars lawsuits in federal court against unconsenting States.  *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("[Under the Eleventh Amendment,] an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."); *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgmt.*, 644 F.3d 5, 11 (1st Cir. 2011) (same).  Indeed, it has long been settled that a suit against a state agency is barred by the Eleventh Amendment regardless of the relief sought. *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (any federal court lawsuit "in which the State or one of its agencies . . . is named as the defendant is proscribed by the Eleventh Amendment"); *Brait Builders Corp.*, 644 F.3d at 11 (1st Cir. 2011) (holding that the Eleventh Amendment bars a claim asserted against a state agency).  While Mr. Cholakian has named the Attorney General as a defendant, his complaint makes clear that he is suing the Office of the Attorney General, and not the Attorney General as an individual.  *See* Compl. ¶ 3 ("Defendant, Attorney General of the Commonwealth of Massachusetts is a Department of the Commonwealth of Massachusetts …").  Because the

2

complaint clearly identifies the Attorney General as a state agency, and not an individual, the

Eleventh Amendment bars Mr. Cholakian's claim against the Attorney General.[1]  *See Purity*

*Supreme, Inc. v. Attorney Gen.*, 407 N.E.2d 297, 303 (Mass. 1980) (explaining that the Attorney

General's Office is a state agency); *Fowler v. Soc. Sec. Admin.*, No. CIV.A. 12-11826-RGS,

2012 WL 4829422, at *4 (D. Mass. Oct. 9, 2012) (same).  Thus, the claim against the Attorney

General must be dismissed for lack of jurisdiction.  *Villanueva v. United States*, 662 F.3d 124,

126 (1st Cir. 2011) (sovereign immunity "is jurisdictional in nature").

## II.     In Any Event, the Complaint Fails to State a Claim for Relief Against the Attorney General.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must make "allegations

plausibly suggesting (not merely consistent with)" an entitlement to relief.  *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 557 (2007).  Such allegations "must be enough to raise a right to relief

beyond the speculative level . . . [assuming] that all the allegations in the complaint are true

(even if doubtful in fact)."  *Id.* at 555.  While non-conclusory factual allegations are deemed true,

legal conclusions couched as fact should be disregarded.  *Ocasio-Hernandez v. Fortuno-Burset*,

640 F.3d 1, 12 (1st Cir. 2011).

Mr. Cholakian has failed to state a cause of action against the Attorney General, because

the complaint does not allege that the Attorney General engaged in any wrongdoing or otherwise

breached a legal duty owed to him.  *See generally* Compl.  In fact, the complaint does not even

identify any legal theory of liability pertaining to the Attorney General.  Nor does it allege that

the Attorney General is somehow responsible for the misconduct of others.  *Id.*  Indeed, the sole

factual allegation in the complaint that even mentions the Attorney General states only that the

---

[1] None of the exceptions to Eleventh Amendment immunity apply in this case.  The Attorney General has not consented to suit in this Court or otherwise waived the protections of the Eleventh Amendment.

3

Attorney General received a copy of a communication that Mr. Cholakian sent to the "Administrator of the United States Courts" on March 21, 2018.  Compl. ¶ 27.  That communication merely asked the Administrator of the United States Courts, and not the Attorney General, to help Mr. Cholakian identify a federal judge that is allegedly involved in Baby Poppi's extortion scheme.  Compl. ¶ 27 & Ex. H.

Because the complaint does not plausibly allege that the Attorney General engaged in any wrongdoing, the claim against the Attorney General must be dismissed.  *See, e.g.*, *Pare v. Northborough Capital Partners, LLC*, 133 F. Supp. 3d 334, 338 (D. Mass. 2015) (dismissing claim against a defendant because the plaintiffs "failed to plead allegations of wrongdoing on the part of [that defendant]"); *Ardito v. Dep't of Treasury*, No. 13-1208-LTS, 2014 WL 458169, at *4 (D. Mass. Feb. 3, 2014) (dismissing claim against IRS where plaintiff "allege[d] no wrongdoing on the part of the IRS," but merely blamed the United States "for her misfortunes of hiring a 'shady' accountant").

Finally, to the extent that Mr. Cholakian purports to ask this Court to compel the Attorney General to take some action with regard to the alleged extortion scheme perpetrated by Mr. Cholakian's tenant, this Court lacks authority to do so.  *Arroyo v. Massachusetts*, No. 12-11746, 2012 WL 4888424, at *3 (D. Mass. Oct. 10, 2012) ("[A federal district court has] no mandamus authority to compel a state or its officers or employees to act in a particular manner."); *Batavitchene v. Clarke*, No. CIV.A. 10-11854-DJC, 2011 WL 3841930, at *2 (D. Mass. Aug. 29, 2011) (explaining that a federal district court's jurisdiction under 28 U.S.C. § 1361 to compel a government officer to perform a duty owed to the plaintiff "applies to federal

officers, employees or agencies, but does not apply to state officials"). [2]

## CONCLUSION

For the foregoing reasons, the Attorney General respectfully requests that this Court

dismiss the claim brought against her office pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

jurisdiction or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim

upon which relief can be granted.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL


*/s/ Cassandra Bolaños*
Cassandra Bolaños, BBO# 686297
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, MA  02108
(617) 963-2052
Cassandra.bolanos@state.ma.us


Dated:  May 1, 2018

---

[2] In fact, private citizens lack standing under Massachusetts law to challenge the Attorney General's exercise of prosecutorial discretion.  *See Shepard v. Att'y Gen.*, 567 N.E.2d 187, 189 (Mass. 1991); *Ames v. Att'y Gen.*, 124 N.E.2d 511, 514-15 (Mass. 1955).  Absent any allegations of arbitrary or capricious conduct, which are not present in the complaint, such discretionary decisions are unreviewable by the courts.  *See Shepard*, 567 N.E.2d at 190 (collecting cases); *Burlington v. Dist. Att'y for N. Dist.*, 412 N.E.2d 331, 334 (Mass. 1980); *Feeney v. Commonwealth*, 366 N.E.2d 1262, 1267 (Mass. 1977).