UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10619-RGS

ALLEN EGON CHOLAKIAN

v.

FEDERAL BUREAU OF INVESTIGATION,
COMMONWEALTH OF MASSACHSETTS,
CITY OF CAMBRIDGE POLICE DEPARTMENT,
PLACEME, INC., CLARA ARROYAVE,
FRANCISCO MARRIOTT,
BABY POPPI, a/k/a HOPE SUMMERS,
HOPE SUMMERS, a/k/a BABY POPPI,
HOME SUMMERS ENTERPRIZES, and
JOHN/JANE DOES A-Z

MEMORANDUM AND ORDER
OF DISMISSAL (All Defendants)

May 11, 2018

STEARNS, D.J.

*Pro se* plaintiff Allen Egon Cholakian's Complaint arises from a dispute with a transitory subtenant, defendant Baby Poppi, a/k/a Hope Summers, over the use of a parking space at his three-bedroom apartment in Cambridge, Massachusetts. The Complaint chronicles, albeit in confusing detail, the escalation of recriminations between tenant and subtenant. The Complaint culminates with the accusation that defendants Bristol-Myers

Squibb, Inc.[1], Placeme, Inc., Clara Arroyare, Francisco Marriott, Baby Poppi (a/k/a Hope Summers), Hope Summers (a/k/a Baby Poppi), Hope Summers Enterprizes (A Poppi-Nathaniel Venture), and John/Jane Does A-Z, "willfully commissioned an interstate/intrastate extortion scheme" targeted at Cholakian. Compl. ¶ 13. The remaining defendants – the Federal Bureau of Investigation, the Attorney General of the Commonwealth, and the City of Cambridge Police Department – have been derelict in their duties to investigate and prosecute the extortionists.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Although Cholakian asserts federal question jurisdiction under 28 U.S.C. §1331, the Complaint is bereft of any plausibly pled federal claim. Within the body of the Complaint, Cholakian cites to two federal statutes. *See* Compl. ¶¶ 13, 32 and 34. However, neither is germane.

---

[1] On April 23, 2018, Cholakian and Bristol-Myers Squibb filed a Stipulation of Dismissal with prejudice.

In the first instance, Cholakian seeks relief under a federal criminal statute, 18 U.S.C. §875, which typical of criminal statutes, provides for no private right of action.[2] *See Clements v. Miller*, 2005 WL 2085497, at *4 (D. Colo. Aug. 29, 2005), *aff'd sub nom. Clements v. Chapman*, 189 F. App'x 688 (10th Cir. 2006) (citing *Weiss v. Sawyer,* 28 F. Supp. 2d 1221, 1227 (W.D. Okla.1997)). "Unless a federal statute bestows a private right of action, courts ought to presume that Congress did not intend to confer federal jurisdiction." *PCS 2000 LP v. Romulus Telecomm., Inc.,* 148 F.3d 32, 35 (1st Cir. 1998). In a second essay at establishing jurisdiction, Cholakian prays for the "remedies authorized by . . . 18 U.S.C. §1961," the Racketeering Influenced and Corrupt Organizations Act (RICO). To establish a RICO violation (criminal or civil), a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedina, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 14-15 (1st Cir. 2000). Unfortunately, Cholakian's Complaint lends itself to no plausible reading that suggests

---

[2] 18 U.S.C. § 875(d), criminalizes those who "with intent to extort . . . transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime."

"racketeering activity," an "association in fact" of any or all of these defendants, or the commission of two or more related "predicate acts" posing a threat of continuing criminal activity. *Holmes v. Sec. Inv'r Prot. Corp.,* 503 U.S. 258, 268 n.12 (1992) (The predicate acts must be the proximate cause of plaintiff's injury); *see also Efron,* 223 F.3d at 14.

Finally, Cholakian asks the court to order the Federal Bureau of Investigation, the Massachusetts Attorney General, and the Cambridge Police Department to "show cause" why they have allegedly failed to investigate and prosecute the alleged extortionists. Compl. ¶ 33. This court cannot grant the requested relief as Cholakian "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Put another way, "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* More fundamentally, under the doctrine of separation of powers, prosecutorial discretion is vested exclusively in the executive branch, and, as stated in the forerunner to the U.S. Constitution, the judicial department "shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men." Art. 30, Massachusetts Decl. of Rights.

ORDER

For the foregoing reasons, this action is hereby DISMISSED[3] without prejudice for lack of subject matter jurisdiction as there are no cognizable federal claims.[4]

SO ORDERED.

/s/Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

---

[3] Where a federal court determines that it lacks subject matter jurisdiction, it may not transfer the case to a state court; its only option is to dismiss. *Miles v. Maine*, 118 F.3d 37 (1st Cir. 1997).

[4] Defendant Hope Summers' April 5, 2018 letter, although initially designated as an answer and counterclaim by the Clerk's Office, will not be so-construed by the court. Summer's letter does not conform to Fed. R. Civ. P. 8 and 10. The filing is also deficient because it is unsigned. Fed. R. Civ. P. 11(a). While the court might, in better circumstances, permit leave to file an amended answer and counterclaim, it does not do so here where the plaintiff's action is dismissed without prejudice. To the extent that the document might be construed otherwise, any counterclaim is dismissed without prejudice.